NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRUZ RAMIREZ GONZALEZ; VICTOR HUGO GONZALEZ RAMIREZ, | No. 18-72088 |
| Petitioners, | Agency Nos. A208-592-831<br>A208-592-832 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Cruz Ramirez Gonzalez and Victor Hugo Gonzalez Ramirez, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the past harm suffered by petitioners in Mexico did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." (citation and internal quotation marks omitted)). Further, the agency did not err in determining that petitioners failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'"

2                                                                              18-72088

(quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).  Thus, petitioners' asylum and withholding of removal claims fail.

We lack jurisdiction to consider petitioners' arguments as to new social groups and other protected grounds that petitioners raise for the first time in their opening brief.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review unexhausted claims).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).  Petitioners' contention that the agency applied an incorrect legal standard is unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-72088